UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANDRA HARRELL | * | CIVIL ACTION NO: |
| VERSUS | * | SECTION: |
| DOLLAR TREE STORES, INC. | * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Sandra Harrell, who does hereby bring the following Complaint for Damages against the defendant, Dollar Tree Stores, Inc., and does allege as follows:

### I.   PARTIES

1.

Plaintiff, Sandra Harrell (hereinafter "Plaintiff" or "Ms. Harrell"), is an individual of the age of majority and of full capacity who resides in St. Tammany Parish, Louisiana, and respectfully represents:

2.

Defendant, Dollar Tree Stores, Inc. ("Defendant" or "Dollar Tree"), is a foreign corporation with its principle place of business in Chesapeake, Virginia, which may be served

with process through its registered agent for service in Louisiana, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

## II. JURISDICTION OF THE COURT

3.

This Court has jurisdiction over the subject matter and Defendant in this case pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

## III. VENUE

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because this suit relates to conduct, acts and/or omissions upon which this cause of action is based that occurred on the property owned and/or controlled by Defendant in St. Tammany Parish, which is completely within the jurisdiction for the United States District Court for the Eastern District of Louisiana.

## IV. FACTS

5.

Dollar Tree is a corporation that operates, according to its mission statement, a "customer-oriented, value-driven variety store operating at a one dollar price point." Further, Dollar Tree operates thousands of stores in the continental United States, as well as nine distribution centers. One of these stores is Store Number 4372, located at or near 5209 Pinnacle Parkway, Covington, Louisiana 70433 ("Store 4372").

6.

Upon information and belief, and according to Dollar Tree's website, all Dollar Tree stores are operated from the corporate headquarters in Chesapeake, Virginia. Upon further information and belief, this includes Store 4372.

7.

On or about December 6, 2010, Plaintiff, a 55-year old woman, went with her daughter and grandson to Store 4372. The store was relatively new at the time, and had only been open for a short period of time. The store was located in an outdoor mall complex, with several other retailers nearby. Upon arrival, the Plaintiff's daughter went to a neighboring store, while Plaintiff and her grandson entered Store 4372.

8.

The Plaintiff and her grandson selected a number of items for purchase, and went to the check-out line. While at the check-out line, the Plaintiff realized that she had forgotten an item, and left her grandson at the checkout counter and went to the aisle where the item was located.

9.

When Ms. Harrell turned the corner and proceeded up the aisle, she stepped on some clear, slick liquid which had pooled on the concrete floor. The floor was made of polished and slick cement. This caused her to lose her balance and fall at an awkward angle, amongst other things, landing with force on her left elbow and shoulder, and wrenching her lower leg behind her, injuring her hip and severely injuring her right knee. Further, the fall caused Ms. Harrell's dress to lay in such a way as to severely compromise her modesty.

10.

Upon information and belief, the aisle in which Ms. Harrell fell contained numerous liquid soaps and detergents. While the Plaintiff lay on the floor, she saw a line of pooled droplets of clear liquid running up the aisle.

11.

Upon information and belief, the employees of Store 4372 knew or should have known of the spilled or pooled liquid on the aisle in which the Plaintiff fell. At the time that the Plaintiff fell, there were no warning signs in place to indicate the danger associated with the pooled liquid prior to it being cleaned up.

12.

After she was injured, the Plaintiff lay on the floor, in pain, and unable to rise. No employee offered her assistance, or even helped re-arrange her dress to cover her. Rather, she was left to lie where she fell. Ms. Harrell's 10-year old grandson covered her with her dress, and ran to the neighboring store to get his mother to help the Plaintiff.

13.

While Plaintiff lay on the floor in pain, an employee of the Defendant indicated that they had intended on cleaning up the spill, but had not gotten to it yet. A store manager or employee recorded an incident report, which, Plaintiff avers, inaccurately conveyed the facts of the incident. At the time of the spill, Defendant's employees were aware of its existence.

14.

Upon their return, they found Ms. Harrell still on the floor and in considerable pain. Because the employees of Store 4372 offered little to no assistance, Ms. Harrell's daughter and grandson picked her up off the floor as best they were able, and took the Plaintiff back to the car, where, with injured knee, back, shoulder, elbow and hip, Plaintiff was forced to wedge herself into the vehicle. The Plaintiff was then taken to the Emergency Room.

15.

Upon information and belief, the weather was clear of any precipitation on the date of the injury sustained by the Plaintiff.

16.

Upon information and belief, the polished concrete used as flooring by Dollar Tree is unreasonably dangerous when it is wet, and significantly increases the potential for customers to fall.

17.

At the time of the incident at Store 4372, the Plaintiff was employed in the housekeeping department at a hotel. Because of her injuries and ongoing pain, Plaintiff has been unable to return to work, and has been placed on permanent leave until she can get medical clearance to return to work. This leave is unpaid.

18.

As a result of the fall at Store 4732, on or about December 6, 2010, the Plaintiff suffered injuries, including but not limited to, her knee, shoulder, elbow, and back, as well as an exacerbation and aggravation of an arthritic condition. The pain and suffering has persisted from these injuries, and treatment and therapy is ongoing. Further, Plaintiff suffered extreme embarrassment and emotional trauma from the compromising result of her fall, and the failure by Defendant's employees to assist. In addition, Plaintiff has is no longer able to work at her place of employment, due to the unresolved injuries sustained when she fell over the pooled liquids at Store 4732.

19.

Because of the nature and extent of the injuries sustained by the plaintiff, the ongoing and long-term treatment, including but not limited to surgery, the value of Plaintiff's damages is alleged to exceed $75,000.00.

V. **CAUSES OF ACTION AGAINST DEFENDANT**

**A. Negligence: LA. CIV. CODE ART. §2315**

20.

Plaintiff repeats and re-alleges all foregoing paragraphs.

21.

Plaintiff maintains that the acts and failures to act alleged herein fall under La. Civ. Code Art. § 2315, and are compensable under Louisiana and Federal law.

22.

Plaintiff maintains that acts and failures to act by employees and agents of Defendant, Dollar Tree, caused injuries and contributed or exacerbated existing medical conditions, in the following, non-exclusive particulars:

a) Failure to properly train or supervise employees in clean up operations and policies;

b) Failure to properly train or supervise employees in responding to an on-site injury;

c) Failure to properly monitor store for dangerous conditions;

d) Failure to warn of dangerous conditions caused by the liquids on the polished concrete;

e) Failure to timely clean spilled liquids;

f) Failure to make any effort to cover the Plaintiff with her dress after the fall, causing significant embarrassment and emotional trauma;

g) Failure to timely correct the dangerous condition after having knowledge of its existence;

h) Failure to assist Plaintiff after her fall;

i) Failure to create a safe shopping environment by utilizing flooring which is unreasonably dangerous when it is wet; and

j) All other acts of negligence and omissions as shall be shown at the time of this trial.

23.

As a result of its acts and failures to act, and those acts and failures to act by its employees, Defendant is liable to Plaintiff for all damages, foreseeable or not, that are a direct consequence of the facts alleged herein.

## VI. REQUEST FOR A JURY

Plaintiff prays for a trial by jury of all matters herein.

## VII. PRAYER FOR RELIEF

Plaintiff prays that after due proceedings are conducted and after a jury verdict in her favor that this honorable Court enter judgment in her favor against Defendant for all damages discussed herein, including, but not limited to, all general, specific and equitable relief deemed appropriate, plus legal interest from judicial demand and all costs of these proceedings.

Respectfully submitted,

_____
**AARON AHLQUIST (La. Bar No. 29063)**
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:    (504) 561-6024
Email: aahlquist@hhkc.com
*Counsel for Plaintiff*